**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5126

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN MCDONALD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (CR-04-255)

Submitted: August 24, 2006          Decided: August 28, 2006

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William J. Dinkin, DINKIN, PURNELL & JOHNSON, PLLC, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Alexandria, Virginia; Elizabeth C. Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin McDonald appeals his conviction for conspiracy to distribute more than fifty grams of cocaine base. On appeal, he asserts that the evidence was insufficient to support his conviction. We affirm.

The Government established that Jamal Clark supplied McDonald with multi-gram quantities of crack cocaine either weekly or twice a week for approximately seven months, and a substantial amount of crack cocaine, U.S. currency, and numerous weapons were seized from McDonald's apartment that he shared with Clark and from the distribution location. Moreover, the Government established that Clark supplied at least three other co-conspirators with crack cocaine for resale, and the co-conspirators worked out of the same location, covered each other's customers when necessary, assigned lookouts to watch for the police, and provided transportation.

This evidence was sufficient to convict McDonald of conspiracy. See United States v. Nunez, 432 F.3d 573, 578 (4th Cir. 2005) (noting that nature of contemporary drug conspiracy is often a "loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market"); see also United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001) (discussing elements of drug conspiracy). In addition, although McDonald asserts that his relationship with Clark was that

of a seller and buyer, the jury could infer that a conspiracy existed from the amount, frequency, and circumstances of the drug sales.  See United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993).

Accordingly, we affirm McDonald's conviction.  We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED